IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY HOWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:16-cv-160-RJD ) |
| WEXFORD HEALTH SOURCE INC. and DR. JOHN TROST, | ) ) ) ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is now before the Court on Defendants' Motions in Limine (Doc. 122), Defendants' Supplemental Motions in Limine (Doc. 126), and Defendants' Amended Supplemental Motions in Limine (Doc. 127). The Court has reviewed the motions and any responses thereto, and heard arguments proffered at the May 2, 2019 final pretrial conference, and now sets forth its rulings as follows:

**Defendants' Motions in Limine (Docs. 122, 126, and 127)**

**1. Motion in limine to preclude any and all argument and evidence of other medical treatment provided to inmates.** Defendants contend Plaintiff should be prohibited from introducing evidence of other, similar incidents absent a clear demonstration of substantial similarity between Plaintiff's claims and such other claims or incidents. Plaintiff asserts that in order to establish Wexford's deliberate indifference to his medical needs, he must establish that a policy, practice or custom of Wexford caused him to sustain a constitutional deprivation. Plaintiff contends that in order to establish Wexford's deliberate indifference in this instance, he must be permitted to enter evidence or testimony related to treatment provided by Wexford to other inmates

(Pierre James, Tavieus Simmons, Kevin Hall, and Stephen Couch) that shows Wexford's policy, practice or custom of treatment amounts to a systemic prescription of ineffective and unsupervised physical therapy. In reply, Defendants assert Plaintiff did not identify James, Simmons, Hall, or Couch in his initial disclosures or his Rule 26 disclosures. Defendants also assert that the complaints referenced by these individuals are not substantially similar to Plaintiff's allegations surviving summary judgment.

This motion is **GRANTED**. The Court has reviewed the affidavits of James, Simmons, Hall, and Couch, and finds that these inmates have not attested to receiving substantially similar care as Plaintiff relevant to the pending policy and practice claim against Wexford. Plaintiff has misconstrued the pending claim against Wexford as a systemic prescription of ineffective and unsupervised physical therapy. The Court's Order clearly states that "a jury could find that Wexford's policy regarding collegial review for outside specialty consultations resulted in Plaintiff continually suffering pain." Accordingly, the relevant policy here is Wexford's handling of its collegial review process. Because the affiants have not indicated they would testify to issues and delays concerning the collegial review process as it relates to an orthopedic injury, their testimony is not relevant.

**2. Motion in limine to preclude any and all argument and evidence of Defendants' insurance or insurance policy**. Plaintiff agrees to this motion. The motion is **GRANTED**.

**3. Motion in limine to preclude any and all argument and evidence concerning defense counsel's law firm or time and cost associated with defense**. Plaintiff agrees to this motion. The motion is **GRANTED**.

**4. Motion in limine to preclude any and all argument and evidence concerning status**

**of settlement negotiations**. Plaintiff agrees to this motion. The motion is **GRANTED**.

**5. Motion in limine to preclude any and all statement, testimony or argument about Wexford Health Sources, Inc. being a for-profit corporation or a "big" corporation or company**. Plaintiff agrees to this motion. The motion is **GRANTED**.

**6. Motion in limine to preclude all argument and evidence concerning Defendants' responsibility for actions**. Plaintiff agrees to this motion. The motion is **GRANTED**.

**7. Motion in limine to preclude any and all argument or evidence concerning Plaintiff's offering of medical or other technical literature as hearsay**. Plaintiff agrees to this motion, but requests that the motion be denied if any such evidence is relevant in rebuttal. The motion is **GRANTED**. Insofar as medical or other technical literature is relevant and not hearsay in rebuttal, Plaintiff may offer the same.

**8. Motion in limine to preclude any and all argument or evidence requiring specialized knowledge, education, or training from witnesses not qualified as experts**. Plaintiff agrees to this motion. The motion is **GRANTED**.

**9. Motion in limine to bar expert testimony from witnesses not identified as experts**. Plaintiff agrees to this motion. The motion is **GRANTED**.

**10. Motion in limine to exclude any and all reference to any other litigation or claims in which Defendants are or have been involved**. Plaintiff agrees to this motion. The motion is **GRANTED**.

**11. Motion in limine to preclude any and all argument or evidence that Defendants failed to meet the standard of care**. Defendants contend any evidence that they failed to meet the standard of care should be excluded as the claims pending in this case are Eighth Amendment

deliberate indifference claims and evidence of the standard of care would only mislead the jury and confuse the issues. Plaintiff asserts that in order to prove his claim of deliberate indifference against Defendant Dr. Trost, he seeks to elicit testimony regarding Dr. Trost's knowledge of the serious risk to Plaintiff if his injuries were left untreated and his indifference to taking reasonable measures to alleviate Plaintiff's pain and rehabilitate Plaintiff's knee. In order to procure such testimony, Plaintiff asserts he may need to question Dr. Trost about his knowledge relating to knee injuries and how he obtained such knowledge. Insofar as Dr. Trost obtained this knowledge through certain customary standards of care in medicine, Plaintiff contends he should be permitted to admit such evidence.

Defendants' motion is **GRANTED**. Testimony or evidence concerning the "standard of care" is not relevant to the pending claims of deliberate indifference and may mislead the jury and confuse the issues.

**12. Motion in limine to preclude any and all argument or evidence comparing medical treatment inside the prison system to treatment provided at a medical facility outside the prison system**. Defendants contend such evidence is irrelevant to the issues at hand as there are no allegations concerning Plaintiff's care from a medical provider outside the correctional system. Plaintiff asserts that in order to establish a substantial risk and knowledge of the same, he should be permitted to solicit testimony establishing "typical" time frames relating to the relevant knee surgeries. Plaintiff also asserts that to the extent a witness' knowledge regarding a substantial risk of harm was obtained through his experience in private practice, then such evidence should be admissible.

Defendants' motion is **GRANTED**. Evidence of "outside" treatment, and time frames

concerning the same, is not relevant to the issues in this lawsuit and whether Defendants acted with deliberate indifference in treating Plaintiff's knee injury.

**13. Motion in limine to preclude any instruction from Plaintiff's counsel to the jury to send a message to Defendants or act as the conscience of the community**. Plaintiff agrees to this motion. The motion is **GRANTED**.

**14. Motion in limine to preclude any documents, testimony, or other evidence not expressly produced in written discovery**. Plaintiff agrees to this motion. The motion is **GRANTED**.

**15. Motion in limine to preclude Plaintiff from testifying on issues relating to the causation of his medical diagnoses or treatment**. Plaintiff agrees to this motion to the extent such documents, testimony, or other evidence would call for expert testimony. The motion is **GRANTED**. However, Plaintiff may testify as to his own personal experience and observations concerning his medical conditions.

**16. Motion in limine to preclude Plaintiff from testifying about statements from other inmates, healthcare providers, Wexford employees, IDOC employees, or other prison staff made to Plaintiff concerning his alleged injuries, causes of injuries, or medical condition as such statements are inadmissible hearsay**. Plaintiff contends this motion is premature as no witness has testified yet and, as a result, it is impossible to determine if any prior statement would qualify as inadmissible hearsay. The motion is **TAKEN UNDER ADVISEMENT**.

**17. Motion in limine to preclude Plaintiff from introducing any affidavits produced by Plaintiff during discovery**. Plaintiff agrees to this motion. The motion is **GRANTED**.

**18. Motion in limine to preclude Plaintiff from offering evidence or testimony of any

**misconduct, reprimand, or grievance issued against Defendants**. Plaintiff agrees to this motion. The motion is **GRANTED**.

**19. Motion in limine to preclude any reference to any Defendant's lack of appearance at trial**. Plaintiff agrees to this motion. The motion is **GRANTED**.

**20. Defendants' request to file additional motions in limine after the Court's entry of an order on Defendants' motion for summary judgment and after the final pretrial conference**. This motion is **MOOT**. The Court has accepted supplemental motions in limine.

**21. Motion in limine to preclude Plaintiff from offering evidence or testimony concerning the facts and reasons why Dr. John Trost's employment was terminated by Wexford**. Plaintiff agrees to this motion. The motion is **GRANTED**.

**22. Motion in limine to preclude Plaintiff from offering evidence or testimony of any alleged misconduct or deliberate indifference that has already been ruled upon by the Court in its Order on Defendants' Motions for Summary Judgment**. Plaintiff did not respond to this request. The motion is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: August 28, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**