IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY HOWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:16-cv-160-RJD |
| | ) |
| WEXFORD HEALTH SOURCE INC. and | ) |
| DR. JOHN TROST, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is now before the Court on Plaintiff's Motion for Leave to File Signature Page to Declaration and Motion to Reconsider the Court's Memorandum and Order Concerning Defendants' Motions for Summary Judgment (Doc. 133). For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

Plaintiff Larry Howell, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Following threshold review, Plaintiff was allowed to proceed on the following Counts:

> **Count 1:** Defendants exhibited deliberate indifference toward Plaintiff's serious medical needs, in violation of the Eighth Amendment, when they delayed and/or denied appropriate treatment for his knee injury.
>
> **Count 2:** Defendants subjected Plaintiff to unconstitutional conditions of confinement at Menard, in violation of the Eighth Amendment, when they placed him in a fifth-floor cell and denied him the use of any assistive medical devices when he was unable to walk.
>
> **Count 3:** Defendant IDOC violated the Americans with Disabilities Act ("ADA") and/or Rehabilitation Act when it denied him the use of any assistive

medical devices while he was unable to walk, thereby denying him access to meals and medical services.

On April 25, 2019, the Court issued an order granting summary judgment in favor of Defendants Fe Fuentes, Susan Kirk, John Baldwin (official capacity), Clifford Bradley, Kimberly Butler, Salvador Godinez, Louis Shicker, and David Tindall (Doc. 124). Following the Court's summary judgment rulings, Plaintiff is proceeding to trial on Count One against Defendants Dr. Trost and Wexford.

Plaintiff filed his motion now before the Court on June 10, 2019 (Doc. 133). In his motion, Plaintiff explains the signature page to his Declaration was inadvertently not attached and filed with the Court. As a result, the Court did not consider it in its Order. Plaintiff further asserts that because his response, including his Declaration, was filed under seal, he could not access the Court-filed documents to confirm the inclusion of his signature page.

Defendants responded to Plaintiff's motion on June 24, 2019 (Doc. 135) and July 1, 2019 (Doc. 138). Defendants object to Plaintiff's request, arguing it would result in substantial prejudice and undue burden. Defendants explain they have dedicated substantial resources to their trial preparation and reconsidering summary judgment may obfuscate such efforts. Defendants further remark that the claims in Plaintiff's Declaration are substantially the same as those contained in Plaintiff's complaint and response to Defendants' motion for summary judgment. Accordingly, Defendants indicate that nothing contained in Plaintiff's Declaration impacts the Court's summary judgment order.

Plaintiff's request for leave to file his signature page to his Declaration is **GRANTED**. Plaintiff shall file his signature page by separate docket entry, linked to his responses to Defendants' summary judgment motions at Docs. 106 and 107, by **August 30, 2019**.

Although Plaintiff does not specify which Federal Rule his motion to reconsider is brought pursuant to, the Court finds it to be a motion under Federal Rule of Civil Procedure 60(b). Rule 60(b) permits relief from a judgment for a number of reasons including mistake, fraud, misrepresentation, or misconduct by an opposing party, or "any other reason that justifies relief." FED. R. CIV. P. 60(b). It is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997). Motions under Rule 60(b) must be brought "within a reasonable time." FED. R. CIV. P. 60(c). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice if any to other parties." *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986).

In consideration of these factors, the Court finds Plaintiff's motion was not filed within a reasonable time. The error Plaintiff seeks to correct was clearly identified on page two of the Court's Order on Defendants' motions for summary judgment (*see* Doc. 124). Said Order was filed on April 25, 2019. The error Plaintiff seeks to correct is simple and obvious, and he should have sought to rectify it immediately. However, Plaintiff did not file his motion for reconsideration until June 10, 2019 (Doc. 133). In the intervening time, this Court held a final pretrial conference (*see* Doc. 128), and the parties submitted various materials for trial, including motions in limine and Rule 26 disclosures. Plaintiff failed to address the issue concerning his request for reconsideration with the Court during the final pretrial conference. Thus, the parties have spent considerable time at this point preparing for trial, and Defendants would suffer significant prejudice if the Court were to reconsider its Order.

Moreover, the Court finds Plaintiff's Declaration does not set forth any new and material information that has not already been addressed and considered by the Court. As such, even if the Court were to reconsider its previous Order, consideration of Plaintiff's Declaration would have no effect on its ultimate decision.

For these reasons, Plaintiff's Motion to Reconsider is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 28, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**