IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LARRY HOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-160-RJD |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Larry Howell is an inmate in the Illinois Department of Corrections. His claims in this matter were tried before a jury in September 2019, and following the Court's Order granting Defendants' motion for directed verdict, judgment was entered on October 9, 2019.

Now pending before the Court is the Bill of Costs filed by Defendants Butler, Shicker, Godinez, Tindall, Bradley, and Baldwin ("IDOC Defendants") on October 15, 2019 (Doc. 171), and the Bill of Costs filed by Defendants Wexford, Dr. Trost, Dr. Fuentes, and Susan Kirk ("Wexford Defendants") filed on October 21, 2019 (Doc. 175). The IDOC Defendants seek to have Plaintiff pay $1,206.20 for deposition transcripts used in defending the case, and the Wexford Defendants seek to have Plaintiff pay $1,450.30 for deposition transcripts used in defending the case.

Plaintiff objects, citing his indigency and asserting Defendants failed to provide detailed documentation justifying their bill. Plaintiff also complains that he was not the prevailing party and he should not be responsible for any bills Defendants incurred in litigating this matter (Docs. 177 and 183). In response to Plaintiff's first objection (Doc. 177), the Court ordered Plaintiff to

submit his most recent trust fund account statement. Plaintiff submitted his trust fund account statement on November 5, 2019, which reflected a balance of $1,313.33 as of October 21, 2019 (Doc. 182).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs — other than attorney's fees — should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Recoverable costs under 28 U.S.C. § 1920 include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 1920(1)-(6). "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted if the losing party is indigent and has no ability to pay. *Id.* To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court imposed costs at this time or in the future.'" *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.*

Plaintiff was granted *pauper* status when this action commenced, and he has been

continuously incarcerated throughout the course of this litigation (*see* Doc. 5). However, despite his *pauper* status, Plaintiff's current trust fund account balance exceeds $1,000. The Court notes a portion of this amount seems attributable to a $750.00 settlement concerning another case, and Plaintiff indicates he does not expect additional money in the future aside from receipt of deposits from family, friends, and for state pay. Based on a review of the record, the Court cannot find that Plaintiff is incapable of paying court-imposed costs in this case.

The Court also finds that this action was not frivolous and involved important constitutional rights under the Eighth Amendment. The Court believes Plaintiff's pursuit of this action was in good faith even though he did not prevail, but that he should not be completely relieved of the obligation to pay Defendants' costs.

For these reasons, the Court **OVERRULES** Plaintiff's objection to costs, but will reduce the amount of costs to $262.67. This amount represents 20% of Plaintiff's trust fund account balance in October 2019 and is consistent with the Court's approach for its collection of filing fees under 28 U.S.C. § 1915(b)(1). The Court **ORDERS** an award of costs in the total amount of $131.33 to the IDOC Defendants and an award of costs in the total amount of $131.34 to the Wexford Defendants.

**IT IS SO ORDERED.**

**DATED: November 7, 2019**

                                            *s/ Reona J. Daly*
                                            **Hon. Reona J. Daly**
                                            **United States Magistrate Judge**